UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-CV-06783-CAS-KS Date: November 19, 2026

Title *Timothy Michael Chambers v. Warden Mejia*

Present: The Honorable: Karen L. Stevenson, Chief United States Magistrate Judge

| A.Nelson for K.Hays | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: None Attorneys Present for Respondent: None

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On November 9, 2026, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.)[1]

**I. Background**

The Petition reflects that Petitioner is in custody following a September 2025 conviction in Riverside County Superior Court case no. INF2500004 of assault with a semiautomatic firearm, possession of a firearm by a felon, possession of ammunition by a prohibited person, and making a criminal threat to cause great bodily injury. (*Id.* at 2.) Based on the California Penal Code provisions included in the Petition, it appears the jury found true sentence enhancement allegations based on Petitioner's possession of a firearm. (*Id.*) The Petition also reflects that on July 17, 2025, the trial court sentenced Petitioner to a term of 10 years and 8 months in state prison. (*Id.*)

The Petition further states that Petitioner appealed his judgment of conviction to the California Court of Appeal, Fourth Appellate District, Division Two (case no. E086402), but that Petitioner "fired [his] attorney due to ineffective assistance[] at [the] respondent['s] brief stage of direct appeal." (*Id.* at 3.) A search of the publicly available records of that appeal indicates the matter was fully briefed and then transferred to the Fourth Appellate District, Division One in San

[1] For ease of reference, the Court cites to the page numbers assigned by the Court's electronic case filing system that appear near the top right of each page.

Diego, where the appeal remains pending in case no. D088856. *See* California Appellate Courts Case Information, *available at* http://appellatecases.courtinfo.ca.gov (last visited Nov. 19, 2026).[2]

The Petition reflects that Petitioner has not filed a petition for review concerning his judgment of conviction or any related state habeas corpus petitions, and this Court's independent search of the publicly available state court records does not reveal any having been filed. (Dkt. No. 1 at 3-4.)

The Petition raises five claims for relief: (1) instructional error; (2) *Brady*[3] violation with an accompanying allegation of illegal search and seizure; (3) ineffective assistance of counsel for failing to conduct an adequate pretrial investigation; (4) unduly suggestive lineup and identification; and (5) ineffective assistance of counsel for failing to spend enough time handling Petitioner's case.[4] (*Id.* at 5-6.)

## II. Legal Standard

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. To the contrary, a habeas court

[2] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Williams v. Jacquez*, No. CV 09-2703 DSF (DTB) 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in a § 2254 habeas case of California state court appellate records).

[3] *Brady v. Maryland*, 373 U.S. 83 (1963) (requiring the prosecution to disclose exculpatory evidence to the defense).

[4] Contrary to Petitioner's representation that he has not filed any state habeas petitions (Dkt. No. 1 at 3), Petitioner separately checked the boxes on the petition form reflecting that he raised each of his five claims "in a habeas petition to the California Supreme Court." (*Id.* at 5-7.) This Court was unable to find any such actions in Petitioner's publicly available state court records. If Petitioner has filed any petition in the California Supreme Court, he should bring that to this Court's attention in response to this Order.

must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.* Accordingly, **this Order is intended to give Petitioner notice that the Petition is subject to dismissal because the claims therein appear to be unexhausted**. **To discharge this Order and avoid dismissal, Petitioner, no later than December 21, 2026, must file a First Amended Petition showing that the claims raised are exhausted.**

### III. The Petition is Unexhausted

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Thus, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To satisfy AEDPA's exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). In California, a state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the **California Supreme Court**. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

Here, it appears that Petitioner has not presented his current claims to the state supreme court. He states that he raised his claims in his direct appeal, but that appeal is still pending, and there is no record of Petitioner filing a petition for review or any habeas petition in the California Supreme Court. Consequently, the pending Petition is subject to dismissal as wholly unexhausted. *Rose*, 455 U.S. at 510, 521.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-CV-06783-CAS-KS Date: November 19, 2026

Title *Timothy Michael Chambers v. Warden Mejia*

**IV. Conclusion and Order**

In the interests of justice, **Petitioner is ORDERED TO SHOW CAUSE on or before December 21, 2026, why the Petition should not be dismissed** – that is, Petitioner must file, no later than **December 21, 2026**, a First Amended Petition for Writ of Habeas Corpus establishing that the claims therein are fully exhausted because Petitioner presented them to the California Supreme Court.

Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.

Petitioner is further admonished that, under the federal habeas statute, habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition); *see also* § 2244(b)(2) (with exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). It is for Petitioner to determine whether it is most advantageous to attempt to proceed with the current Petition or file a petition for federal habeas relief at a different juncture. **However,** if Petitioner no longer wishes to pursue this action, **he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1)**.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition and a copy of the Central District's form Notice of Voluntary Dismissal.

**IT IS SO ORDERED.**

| | |
|---|---|
| | N/A |
| **Initials of Preparer** | an |